IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 02-277 |
| | ) | |
| ANTHONY SLAUGHTER, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM ORDER**

CONTI, District Judge

In this memorandum order, the court considers the motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) filed by defendant Anthony Slaughter ("defendant"). After considering the submissions of the parties, the court will deny defendant's motion.

*Background*

On December 19, 2002, defendant was indicted, at count one of the indictment, for possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Defendant was also indicted, at count two of the indictment, for possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). At his initial appearance before the court, defendant pled not guilty to both charges. On July 10, 2003, defendant changed his not guilty plea to a plea of guilty at count one of the indictment.

On October 27, 2003, the court held a sentencing hearing. The court determined that defendant's offense level was 34 and his criminal history category was 20. Pursuant to the United States Sentencing Guidelines, defendant was subject to a range of imprisonment of 262 to 327 months. Defendant moved for a downward departure based upon, among other things, his diminished mental capacity. In granting defendant's motion, the court found that defendant's reduced mental capacity contributed to his commission of the offense. The court further found that defendant's diminished capacity was due to his mental retardation and not the voluntary use of drugs or other intoxicants. The court concluded that the facts and circumstances of the offense did not indicate a need to protect the public because the offense did not involve either actual violence or serious threat of violence.

With respect to the extent of the departure, the court, in light of defendant's reduced mental capacity and its contribution to defendant's drug related offense, found that a substantial departure was warranted. United States v. McBroom, 124 F.3d 533, 548 (3d Cir.1997). The court considered a physician's report, which noted that defendant was brain damaged and had the perceptual level of functioning equivalent to a seven-year-old child. The court recognized that defendant's IQ was 63, which meant that ninety-nine percent of the population functions at a higher level than defendant. Based upon those findings, the court concluded that defendant was easily manipulated by drug dealers and that an eight-level departure adequately reflected defendant's diminished capacity.

The court, therefore, granted defendant's motion for a downward departure based on his diminished mental capacity and sentenced defendant to the statutory mandatory minimum term of 10 years imprisonment. The court also imposed a 5-year sentence of supervised release to

follow defendant's term of imprisonment.  The government dismissed count two during the sentencing hearing.  The defendant did not appeal either his conviction or his sentence.

On April 22, 2008, defendant filed a motion for modification or reduction of sentence (ECF No. 45) pursuant to 18 U.S.C. § 3582 ("§ 3582").  On June 23, 2008, the court entered an order denying defendant's motion.  (ECF No. 49.)  On August 9, 2010, defendant filed a second motion for modification or reduction of sentence (ECF No. 50.) pursuant to § 3582.  In the instant motion, defendant asserts he is entitled to a reduction in sentence based upon similar arguments made in his previous motion.  The government responds by viewing defendant's latest arguments as related to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010) ("FSA"), signed into law on August 3, 2010.  The government asserts that Congress did not intend for the FSA to affect sentences retroactively and defendant's motion should be denied.

*Discussion*

With all regard to the arguments set forth by defendant, the court does not find any retroactive language in the FSA, and therefore any benefit under the law with respect to a reduction in the cocaine sentencing disparity does not apply to defendant.  Other courts addressing whether the FSA should be applied retroactively have reached the same conclusion. United States v. Bennafield, No. 05-12, 2010 WL 4637770, at *1 (W.D. Pa. Nov. 8, 2010) (after considering the defendant's petition under § 3582 in light of the newly passed FSA, the court concluded the FSA contained no statement indicating it was retroactive and defendant was not entitled to the benefit of the recently enacted law); United States v. Glover, No. 09-1725, 2010 WL 4250060, at *2 (2d Cir. Oct. 27, 2010) (holding the FSA did not apply retroactively and, consequently, the court was constrained to apply the mandatory minimum in effect at the time

3

the defendant committed the offense in question). This court is constrained to apply the mandatory minimum term in effect at the time defendant committed the offense in question and the motion must be denied.

*ORDER*

AND NOW, this 3rd day of December, 2010, IT IS HEREBY ORDERED THAT defendant's motion for modification or reduction of sentence (ECF No. 50) is DENIED.

By the court:

 /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: Anthony Slaughter  #06530-068
    Federal Medical Center
    P.O. Box 879
    Ft. Devens
    Ayers, MA  01432